IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ANTHONY ELMORE,**

    **Plaintiff,**

v.                                                        Case 2:20-cv-02330-JTF-cgc

**MEMPHIS AND SHELBY COUNTY
FILM COMMISSION, in its official
capacity,** *et al.***,**

    **Defendant.**

---

**REPORT AND RECOMMENDATION ON
CITY OF MEMPHIS DEFENDANTS' MOTION TO DISMISS
AND
CITY OF MEMPHIS DEFENDANTS' MOTION TO DISMISS AMENDED
COMPLAINT**

---

Before the Court are the following motions: (1) the Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by the City of Memphis (the "City"), the Memphis City Council (the "City Council"), and Mayor Jim Strickland ("Mayor Strickland") (collectively the "City Defendants")[1] (Docket Entry (D.E.) #31); and, (2) the City Defendants' Motion to Dismiss Amended Complaint (the "Renewed Motion to Dismiss"). Pursuant to Administrative Order 2013-05, the instant motions were referred to the United States Magistrate Judge for Report and Recommendation.

---

[1] Although the Complaint names all City Defendants and the Amended Complaint omits the City Council, the City Defendants as originally named have brought both the Motion to Dismiss and the Renewed Motion to Dismiss. Accordingly, they will be referred to collectively herein as the City Defendants.

1

I. **Procedural History**

On May 21, 2021, Plaintiff filed a *pro se* Complaint in this Court alleging violations of 42 U.S.C. Section 1981 ("Section 1981") and 42 U.S.C. Section 1983 ("Section 1983") against the City of Memphis, the City Council, Mayor Strickland in his official capacity, and others. (D.E. #1 ("Compl.")). Plaintiff claims arise from allegations that he was treated differently than other filmmakers due to his race. (Compl. ¶ 16). On July 19, 2021, the Original City Defendants filed the instant Motion to Dismiss the Complaint.

On October 26, 2021, Plaintiff filed the Amended Complaint for Damages, Declaratory Judgment, and Injunctive Relief (the "Amended Complaint"), which contains extensive revisions and is now the operative pleading in this case. (D.E. #34). Plaintiff's Amended Complaint adds an individual-capacity claim against Mayor Strickland; however, it omits the City Council as a named Defendant.

With respect to the factual basis for his claims, Plaintiff's Amended Complaint alleges as follows: (1) that other White filmmakers received more "fanfare" and recognition—both at the release of their films and thereafter—despite what he characterizes as his more significant accomplishments to filmmaking (Am. Compl. ¶¶ 22-33, 42-43, 60-61, 67); (2) that he was not mentioned on a historical marker placed in downtown Memphis in April 2018 honoring achievements in Memphis filmmaking, thereby discrediting his contributions while celebrating those of White individuals (*Id*. ¶¶ 34-41); (3) that his documentary, *Robert Hollywood Raiford Black America USA* was not supported or acknowledged (*Id*. ¶ 42); (4) that his film *200 Years of Black Memphis History* was not selected in 2019 to be promoted during bicentennial celebrations for the City of Memphis and Shelby County despite his request to be included and his subsequent

protests that his work was being excluded on racially discriminatory grounds (*Id*. ¶¶ 46-59); (5) that the television program *Bluff City Law* was "offer[ed] support" but that his project *Orange Mound Black Hollywood.com*, which was launched in July 2020, was not (*Id*. ¶ 66); (6) that, on January 20, 2021, he was invited to a Film Commission ceremony at which he was to be honored along with two White filmmakers, but that, at the ceremony, he was expected to "publicly profess a statement of belief" that gave undue credit to the White filmmakers while minimizing his achievements (*Id*. ¶¶ 84-85); and, (7) that he has been "black balled" within the Memphis film industry in retaliation for his 2019 complaints of discrimination and his January 2020 refusal to participate in the Film Commission ceremony (*Id*. ¶ 68).

With respect to the amended causes of action, Plaintiff continues to allege violations of Sections 1981 and 1983; he also adds claims for violations of 42 U.S.C. § 1982 ("Section 1982") and § 1985 ("Section 1985") (Am. Compl. at 1 & ¶¶ 70-98).[2] With respect to his Section 1983 claims, Plaintiff alleges that Defendants continue to violate his "First Amendment, Due Process and Equal Protection rights secured by the United States Constitution and Statutes, as guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States." (*Id.*).[3]

---

[2] Plaintiff cursorily references 42 U.S.C. § 1988 ("Section 1988") and 42 U.S.C. 2000d, *et seq*. ("Section 2000d) in the introductory portions of his Amended Complaint; however, he does not address them whatsoever in the portion of his Amended Complaint that sets forth his causes of action. (Am. Compl. at 1 & 3 ¶ 2, ¶¶ 70-98). Mere references to provisions of federal law are insufficient to plead claims for relief. Further, Section 1988 does not create an independent cause of action for civil rights violations. *See George York, II v. Forest View Psychiatric Hospital*, No. 1:10-cv-28, 2011 WL 1792301, at *4 (W.D.Mich. Apr. 19, 2011) (citing cases). Additionally, Section 2000d prohibits discrimination and denial of benefits on the basis of race under any program or activity receiving federal financial assistance, which Plaintiff has not alleged. See 42 U.S.C. § 2000d. Accordingly, it is RECOMMENDED that Plaintiff has failed to state Section 1988 and Section 2000d claims.

[3] While Plaintiff seeks to raise equal-protection and due-process claims pursuant to Section 1983, the Fifth Amendment applies to federal rather than state actors. *See Palmer v. Schuette*, 768 Fed. App'x 422, 426-27 (6th Cir. 2019). The analysis of such claims raised against officials acting under state law should

On November 9, 2021, Plaintiff filed his Response (D.E. #38), which states as follows:

> We ask the Court to proceed with only Defendants listed in the amended Complaint. The motion[s] to dismiss were based on the original complaint and not the amended Complaint; therefore all motions to dismiss should be denied.

(*Id*.)

On November 18, 2021, the City Defendants filed a Motion to Dismiss Amended Complaint. (D.E. #45). Therein, the City Defendants argue that the majority of the allegations in the Amended Complaint pertain to other Defendants and that, as to the sparse allegations against them, Plaintiff has failed to state any claims upon which relief may be granted.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do."

---

be addressed under the Fourteenth Amendment. *Id*. However, other than reciting the words "due process" and "equal protection," Plaintiff has not articulated how his Fourteenth Amendment rights were violated. This is inadequate to plead such a claim. Plaintiff also cursorily mentions that his rights under the Fourth Amendment rights have been violated. Nothing in his Amended Complaint pertains in any way to the protections guaranteed in the Fourth Amendment. *See* U.S. Const. amend. IV. Accordingly, it is RECOMMENDED that Plaintiff fails to state a Section 1983 claim for violations of his Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff's claim that his First Amendment rights were violated is discussed, *infra*.

*Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S.

at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Proposed Analysis and Conclusions of Law

#### A. *Claims Against the City Council*

Although the City Council was named as a Defendant in the Complaint, it is no longer a named Defendant in the Amended Complaint. Additionally, Plaintiff's Response specifically states that he wishes "to proceed with only Defendants listed in the amended Complaint." Thus, in accordance with the Amended Complaint and Plaintiff's explicit request in his Response, it is RECOMMENDED that there are no claims pending against the City Council and that the requests in the City Defendants' Renewed Motion to Dismiss pertaining to any such claims are MOOT.

#### B. *Claims Against the City of Memphis and Mayor Strickland*

##### i. Section 1981 Discrimination

Section 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts." 42 U.S.C. § 1981(a). "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id*. § 1981(b). The right to make contracts extends "to the formation of a contract . . . as well as the offer to make a contract

6

on discriminatory terms." *Patterson v. McLean Credit Union*, 491 U.S. 164, 165 (1989), superseded by statute on other grounds as stated in *CBOS West, Inc. v. Humphries*, 553 U.S. 442 (2008) (addressing allegedly discriminatory post-contract-formation conduct).

Plaintiff's Amended Complaint alleges that the City and Mayor Strickland "refused to enter into, make, and enforce filmmaking contracts, and prevented and/or caused their agents, ostensible agents, apparent agents, servants, employees, and/or contractors not to enter into, make, and enforce filmmaking contracts with the Plaintiff" because of his race. (Am. Compl. ¶¶ 70-72, 73-75). It does not allege that he made any attempt to enter into a contractual relationship with the City Defendants. Thus, viewing his allegations in the light most favorable to him, the Court interprets Plaintiff's concern to be that he was not sought out for his filmmaking skills and his personal perspective on Memphis history and offered the same type of financially lucrative contracts as White filmmakers due to his race. (Am. Compl. ¶¶ 64, 66-67).

As to municipal Defendants, Section 1983 "constitutes the exclusive federal remedy for violation of the right guaranteed in § 1981 by state governmental units . . . ." *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 733 (1981); *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008). Accordingly, it is RECOMMENDED that the Section 1981 claims against the City of Memphis and Mayor Strickland in his official capacity be DISMISSED for failure to state a claim upon which relief may be granted.[4]

As to the individual-capacity claim against Mayor Strickland, the Court is aware of no case with a similar posture to the present case. While Section 1981 cases are common in the employment context and additionally arise in retail and service contexts, *see Christian v. Wal-Mart Stores*, 252 F.3d 862, 868 (6th Cir. 2001), the Court has located no case, and Plaintiff has

---

[4] The question of whether any of his purported Section 1981 allegations against the municipal defendants will be discussed, *infra*.

cited none, requiring a business or governmental entity to proactively make offers to individuals who may be interested in forming contractual relationships with them. If this requirement existed, virtually all contractual transactions could be the subject of countless Section 1981 claims brought by every person of a protected class to whom a contractual offer was not made.

Instead of such an impossibly broad scope, Section 1981 requires that an aggrieved individual made a "tangible attempt . . . to enter into a contractual agreement" and that the effort was somehow "thwarted." *Michael L. Johnson v. Value City Dep't Store*, No. 3:06CV-49-R, 2006 WL 1642307, at *3 (W.D.Ky. June 12, 2006) (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 742, 751-53 (5th Cir. 2001)). As Plaintiff's Amended Complaint includes no allegation that he attempted to form a contract of any kind with the Mayor Strickland, it is RECOMMENDED that dismissal of his Section 1981 claim is appropriate.

### ii.    Section 1981 Retaliation

Plaintiff also seeks to bring what he designates as a retaliation claim pursuant to Section 1981. The basis for this claim is that, after Plaintiff complained that he was excluded from the bicentennial events due to his race, all Defendants engaged in various unlawful behavior, including failing to support three of Plaintiff's other films.

Upon review, for the same reasons set forth, *supra*, Section III.B.i, Plaintiff may not maintain a Section 1981 claim against the municipal Defendants. Further, as to Mayor Strickland in his individual capacity, Section 1981 may be the basis for a retaliation claim if it relates to *post-contract-formation* conduct. *See CBOS West, Inc. v. Humphries*, 553 U.S. 442, 446-52 (2008); *see also Mitchell v. Crescent River Port Pilots Ass'n*, 265 Fed. App'x 363, 369 (5th Cir. 2008). This generally occurs in the employment context, which is not at issue here.

*Ibid*. The court is not aware of any authority that recognizes a Section 1981 retaliation claim where no contract was formed at any point, as is the case here. *Ibid*. Accordingly, it is RECOMMENDED that Plaintiff fails to state a claim for Section 1981 retaliation.

### iii. Section 1982

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Although Plaintiff's Amended Complaint cites Section 1982, recites its provisions, and generally states that the Amended Shelby County Defendants interfered with his "tangible and intangible property rights," there is no other reference to what real or personal property he is referring or to how he was prohibited from inheriting, purchasing, leasing, selling, holding, or conveying it. This is insufficient to plead a Section 1982 claim. There are also no allegations as to a policy, practice, or custom of the municipal Defendants that would have interfered with such rights as would be required for municipal liability. *See Emanuele Diligente v. Harvard Refuse, Inc.*, No. 1:11CV210, 2012 WL 4481207, *4 (N.D. Ohio Sept. 26, 2012). Thus, it is RECOMMENDED that Plaintiff fails to state a claim under Section 1982.

### iv. Section 1983

#### a. Municipal Claims[5]

Section 1983 provides a cause of action for the deprivation of a federal right by someone acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir.2003); *Bright v. Gallia Cty.*, 753 F.3d 639, 660 (6th Cir. 2014). Section 1983 does not impose vicarious liability

---

[5] It is well-settled that "[c]laims against government officials in their official capacity amount to a suit against the governmental entity." *Jason Cunningham v. Shelby County*, 2018 WL 5833083, at *2 (W.D. Tenn. Nov. 7, 2018) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1990)). Thus, the official-capacity claims against Mayor Strickland will be considered as such.

on municipalities for their employees' actions. *Monell*, 436 U.S. at 694. Instead, when a Section 1983 plaintiff seeks to impose liability on a municipality, the plaintiff must plead not only that a constitutional violation occurred but also that a municipal policy or custom caused the plaintiff's injury. *See Monell*, 436 U.S. at 694*; Bible Believers v. Wayne Cty.*, 805 F.3d 228, 260 (6th Cir. 2015) (en banc).

District courts within the Sixth Circuit have strictly interpreted pleading standards for Section 1983 claims against municipalities. *Spainhoward v. White Cty.*, 421 F. Supp. 3d 524, 544 (M.D. Tenn. 2019); *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 685 (W.D. Tenn. 2015) (citations omitted). Boilerplate allegations of municipal liability or of an unlawful policy or custom are generally insufficient. *Huffer v. Bogen*, 503 Fed. App'x 455, 462 (6th Cir. 2012) (dismissing a Section 1983 claim against the municipality when the complaint "failed to identify any policy or custom that resulted in a constitutional violation"); *Minick v. Metro. Gov't of Nashville*, 2014 WL 3817116, at *2 n.3 (M.D. Tenn. Aug. 4, 2014).

Here, Plaintiff has not identified any policy, procedure, or custom that he believes led to the alleged deprivations of his constitutional rights or any other rights under federal law.[6] (*See* Am. Compl. ¶¶ 44-45, 65). This is insufficient to survive a motion to dismiss. *See Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1551 (2019) (citation omitted) (affirming dismissal because the complaint failed to allege a single fact that suggests, plausible or otherwise, that the officials' purported constitutional

---

[6] As to Plaintiff's claim, *supra*, Section III.B.i, that the City and Mayor Strickland in his official capacity violated his right to make and enforce contracts pursuant to Section 1981—a claim that must be addressed pursuant to Section 1983, he has not identified any policy, procedure, or custom of the municipal Defendants that led to such a deprivation. (*See* Am. Compl. ¶¶ 70-75).

10

violations were the result of a custom, policy, or practice of the municipality); *Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) (same).

### b. Individual Capacity Claims

An individual capacity claim under Section 1983 seeks to hold an official personally responsible for the wrong alleged. *Peatross v. City of Memphis*, 818 F.3d 233, 240-41 (6th Cir. 2016) (citation omitted). For an individual to be held personally liable, the official must cause the deprivation of a federal right while acting under color of state law. *Peatross*, 818 F.3d 240-41.

As to his purported First Amendment claim, Plaintiff raises no allegations against Mayor Strickland.[7] Accordingly, it is RECOMMENDED that he fails to state a Section 1983 claim against Mayor Strickland in his individual capacity.

### v. Section 1985

Section 1985 prohibits conspiracies to interfere with an individual's civil rights. 42 U.S.C. § 1985. Specifically, it generally prohibits conspiracies to do the following: (1) prevent an officer from holding office or from performing the duties of the office; (2) obstruct justice; (3) intimidate a party, witness, or juror; (4) go in disguise on the highway or property of another to deprive a person of his civil rights; (5) hinder authorities from securing an individual's civil rights; (6) prevent an individual from supporting certain elected officials; and, (7) injure an individual for supporting certain elected officials. *Id*. As to the City and Mayor Strickland in his official capacity, Plaintiff's Amended Complaint does not allege any policy, procedure, or custom that would implicate Plaintiff's rights under this statute. *See Theodis Collins v. Mariners Inn*, No. 09-12897, 2011 WL 13383211, at *1-*4 (E.D. Mich. Sept. 9, 2011). Likewise, as to

---

[7] The only individual Defendant discussed with respect to his First Amendment allegations is Linn Sitler ("Sitler"), one of the Shelby County Defendants. (Am. Compl. ¶¶84-84).

Mayor Strickland in his individual capacity, Plaintiff's Amended Complaint does not contain any allegations of conspiracies to interfere with these enumerated rights. Accordingly, it is RECOMMENDED that Plaintiff fails to state a Section 1985 claim.

IV. **Conclusion**

For the reasons set forth herein, it is RECOMMENDED that the City Defendants' Motion to Dismiss be GRANTED and that the City of Memphis' Renewed Motion to Dismiss be GRANTED.

**SIGNED** this 15th day of December, 2021.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**