**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY ELMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:21-cv-02330-JTF-cgc** |
| | ) | |
| | ) | |
| **MEMPHIS AND SHELBY COUNTY** | ) | |
| **FILM COMMISSION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S**
**REPORTS AND RECOMMENDATIONS**
**(ECF NOS. 50, 52, 53 AND  54)**
**AND DISMISSING THIS CASE WITH PREJUDICE**

On May 21, 2021, Plaintiff Anthony "Amp" Elmore filed a *pro se* Complaint raising due

process violations and equal protection claims under 42 U.S.C. § 1981 and § 1983 against various

Defendants– the State of Tennessee; Governor Bill Lee, unnamed State Representatives and State

Senators (a/k/a the "State Defendants"); the City of Memphis, Memphis City Council and Mayor

Jim Strickland (a/k/a the "City Defendants"); Shelby County Mayor Lee Harris, Memphis and

Shelby County Film Commission, Shelby County Commission, Shelby County Government, and

Shelby County Film Commissioner Linn Sitler (a/k/a the "Shelby County Defendants"); the

Memphis Convention and Visitors Bureau and Kevin Kane (the "MCVB Defendants") and the

Economic Development Growth Engine ("EDGE").  (ECF No. 1.)  On October 26, 2021, Elmore

filed an Amended Complaint to add individual capacity claims against Mayor Jim Strickland and

to include new Defendants Shelby County Historian Jimmie Rout, III and the Historic

Commission; but omitted the City Council, the MCVB Defendants; EDGE; the Shelby County

1

Commission, and the State Defendants.  (ECF No. 34.) The Amended Complaint includes new claims pursuant to 42 U.S.C. §§ 1981, 1982 and 1985 and refers to 42 U.S.C. § 1988 and § 2000(d), *et seq.*, as he states the remaining Defendants have individually or collectively caused him to suffer, *inter alia*, damages, loss of reputation, assets, "financial, cultural, emotional and professional harm," for which Plaintiff requests a jury trial, compensatory and pecuniary damages for past, present and future economic losses, a declaratory judgment and a preliminary and permanent injunction.   (ECF No. 34, at 1–2, 24, 21 ¶ 68, 22–30 ¶¶ 70–79, 80 ¶¶ a–f.)

The Defendants, separately and collectively, filed Motions and Renewed Motions to Dismiss which were referred to the assigned United States Magistrate Judge for Reports and Recommendations pursuant to 28 U.S.C. § 636(b) and Admin. Order 2013-15.  (ECF Nos. 18, 25, 28, 29, 31, 45 and 49.) The Magistrate Judge issued Reports and Recommendations regarding the Defendants' Motions to Dismiss, ECF Nos. 50, 52, 53 and 54, to which Plaintiff filed Objections and the Shelby County Defendants and City Defendants filed corresponding Replies.  (ECF Nos. 56–57, 60–61 and 63; ECF No. 58 and ECF No. 59.)

Initially, it is undisputed that Mr. Elmore is a five-time world-renown karate/kickboxing Champion, with over 750 videos on *You Tube*. He submits that he is the first independent black documentarian and 35mm film maker from the City of Memphis.  Elmore extols many of his other accomplishments including proclaiming he is the first black Memphian to document 200 years of Memphis black history and sought to promote his grassroots movie production in 1988, titled "*Rock and Roll a Black Legacy*," with local talent from the Orange Mound community.  It appears Elmore was not able to garner sufficient local support from the business or political communities. This has resulted in Elmore's accusations that the racist undercurrent of the City of Memphis, and others, have discriminated against him by choosing instead to support other filmmakers like Craig

Brewer or prominent minority celebrities like Tyler Perry, in violation of his constitutional rights. Consequently, Elmore has proceeded to file numerous pleadings that contain unsubstantiated, exaggerated and denigrating statements about local community leaders, politicians and attorneys. He even verbally attacks the assigned United States Magistrate Judge.  In his filings, including his objections to the Reports and Recommendations filed by the Magistrate Judge, Elmore, in no uncertain terms, blames several City and County officials and community-based entities for his unfulfilled endeavors and missed opportunities.

In the interest of efficiency, the undersigned Court consolidated its analysis of the Magistrate Judge's Reports and Recommendations.  After a *de novo* review, the Court adopts the Reports and Recommendations in their entirety and finds that this case should be Dismissed with Prejudice pursuant to Fed. Rules Civ. P. 12(b)(1), 12(b)(2) and (12)(b)(6).

## I.      LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the above referenced provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *See also Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate judge's proposed findings and recommendations may file written objections to the report and recommendations.  Fed. R. Civ. P. 72(b)(2).  A "failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objection as a general objection to the entire magistrate judge's report.  A general objection is considered the

3

equivalent of failing to object entirely" or waiver. *McCready v. Kamminga*, 113 Fed. App'x 47, 49 (6th Cir. 2004.) In *McCready*, the Court noted that McCready only managed in his "rambling, 143-page objection" to, repeatedly and inappropriately, insult the magistrate judge, demand acceptance of his factual and legal conclusions as accurate, characterize the defendants as liars, and threaten the district court if his action was dismissed. (*Id.*) In the end, the court found that McCready's objections were general in nature and therefore amounted to a failure by McCready to object at all.

The standard of review that is applied by a district court when considering a magistrate judge's proposed findings and recommendations depends on the nature of the matter(s) considered by the magistrate judge. *See Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures. A district court must review dispositive motions under the de novo standard."). Upon a review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). Again, a district judge should adopt the findings and rulings of the magistrate judge to which no specific objection under Fed. R. Civ. P. 72(b) is filed. *Brown*, 47 F. Supp.3d at 674. An objection to a magistrate judge's report and recommendation that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection to a magistrate judge's report and recommendation. This results in a failure to preserve the right to appeal a subsequent order of the

district court adopting the report.  *J.A. v. Smith County School District*, 364 F. Supp.3d 803, 811–12 (M.D. Tenn.  March 6, 2019).

A.    Standard of Review for Failure to State a Claim

At the outset, to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin,* 630 F. 3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); See also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano,* 648 F. 3d 365, 369 (6th Cir. 2011) quoting *Iqbal*, 556 U.S. at 678.  Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed.  *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011).  However, *pro se* litigants must adhere to the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A court cannot create a claim that has not been spelled out in a pleading.  *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011); *Payne v. Sec'y of Treas*., 73 Fed. App'x 836, 837 (6th Cir. 2003).

B.    Standard of Review for Lack of Subject Matter Jurisdiction

"Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009).  When a court determines that it lacks subject matter jurisdiction, the court has an obligation to dismiss the case.  Fed. R. Civ. P. 12(h)(3).  The court

has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992)).  Furthermore, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. Plaintiff need not be given an opportunity to amend when a case is dismissed sua sponte on this basis." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).  Because Plaintiff has attempted to file certain Objections to the Magistrate Judge's Reports and Recommendations that this action be dismissed for failure to state a claim, the Court will review, where appropriate, the Magistrate Judge's Reports and Recommendations *de novo*.  See 28 U.S.C. § 636(b)(1).

## II.  <u>FACTUAL FINDINGS</u>

The Magistrate Judge has provided extensive summaries of the facts and circumstances that are alleged in the Initial and Amended Complaints in the Reports and Recommendations.  (ECF No. 50, 1–2, ECF No. 52, 3–5, ECF No. 53, 1 and ECF No. 54, 2–4.)  The Magistrate Judge submits that Plaintiff's *pro se* claims arise from allegations that he has been treated differently than other filmmakers due to his race.  (ECF No. 1, ¶ 16.)  The Magistrate Judge lists the factual bases for Elmore's claims as follows: (1) other White filmmakers received more fanfare and recognition at the release of their films despite his more significant accomplishments; (2) he was discredited in April 2018 by his omission from a historical marker in downtown Memphis that honors achievements in Memphis filmmaking; (3) his documentary, *Robert Hollywood Raiford Black*

*America USA*, was not supported or acknowledged; (4) despite his requests, his film, *200 Years of Black Memphis History*, was not selected for promotion in 2019, during and after the City of Memphis and Shelby County bicentennial celebrations; (5) the television series, *Bluff City Law,* was offered support and tax incentives in July 2020, unlike his project *Orange Mound Black Hollywood.com.*; (6) on January 20, 2021, he was invited to a Film Commission ceremony at which his achievements were minimized; and (7) since his 2019 and 2020 Complaints and refusal to participate as requested in certain events, he has been "black balled" within the Memphis film industry.  (ECF No. 54, 2–3.) The Magistrate Judge notes that Elmore merely refers to 42 U.S.C. § 1988 and 42 U.S.C. § 2000(d), *et seq*., without more; and that he inaccurately raises equal protection and due process claims against state actors pursuant to 42 U.S.C. § 1983, and the Fifth Amendment claims that are more appropriately addressed under the Fourteenth Amendment.  (*Id.* at 3–4, fn. 3 and 4.)

Within his objections, Elmore complains that "It is clear to [him] that United States Magistrate Judge is more interested in the strict interpretation of the law than administering justice and finding facts.  The facts are that we present evidence that our film "*The Contemporary Gladiator*" where we starting [sic] filming in November 1987 whereas the fact is that we were victims of White Supremacy, Racism and Black on Black Racism that our story is not told or suppressed by the City of Memphis and the County of Shelby."  (ECF No. 56, 30.)  Similar preposterous claims were raised in Elmore's Second Objections to the Magistrate Judge's report where he contends that Magistrate Judge Claxton "does not know Memphis history," "belittled" and "treated him with disregard and [d]isrespect for the 2262, the Preserve America and Save America's Treasures Act."  (ECF No. 57, 1–3.)  Elmore asserts that he sent over "20 emails, 5 videos, National news Release and we made phone calls" for assistance from the Memphis Shelby

County Film Commission to support his film production in Orange Mound and to hold an educational symposium regarding Black Memphis History at Melrose School.  (*Id.* at 2.)  But none of these objections show how any of the factual findings in the Magistrate Judge's Report and Recommendations were inaccurate. Thus, Elmore's unsubstantiated statements do not specifically contest or, in any way, address the Magistrate Judge's summary of the allegations in the Amended Complaint.

After a *de novo* review, the Court construes Plaintiff's Objections to the Magistrate Judge's proposed findings of facts in the Complaint and Amended Complaint as a reiteration of the same assertions that were initially raised in his former pleadings.  Elmore merely adds more instances of perceived unjust and unfair treatment by the named Defendants, various news articles and emails to certain officials, which include governmental entities and civic organizations. The objections also include disparaging statements about several City Officials, namely, the Memphis City and Shelby County Mayors, the City Attorney, Shelby County Attorney as well as the United States Magistrate Judge who conducted the hearings in this case, and subsequently issued the instant Reports and Recommendations. (ECF Nos. 41, 46, 48 and 55.)  As noted above, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *See also Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendations may file written objections; however, said objections must be specific.  Fed. R. Civ. P. 72(b)(2).  It appears that Elmore is unhappy with the Magistrate Judge's recounting of the facts.  As in *McCready*, Elmore wants the Magistrate Judge, and this Court, to accept his racially charged accusations and insults as fact. *McCready* 113 Fed. App'x at 49.  Elmore's wants and desires will not be realized.  Where bare conclusions or opinions are presented without true

supporting facts, as is the case here, the conclusions are not entitled to the assumption of truth. *Napolitano,* 648 F. 3d at 369 and *Ashcroft v. Iqbal*, 556 U.S. at 679.

The Court finds that Plaintiff's accusations fail to meet the standards required for objections to the Magistrate Judge's findings of facts and are waived.  *J.A. v. Smith County School District*, 364 F. Supp. 3d at 811–12.  Accordingly, the Court adopts the Magistrate Judge's summary of the facts in this case.  (ECF No.  52, 3–5 and ECF No. 54, 2–4.)

### III.  <u>LEGAL ANALYSES</u>

1.      The Report and Recommendation to Dismiss the State Defendants – (ECF No. 50.)

As an initial matter, Plaintiff first objects to the Reports and Recommendations, asserting that he (or "we") did not consent to the Magistrate Judge deciding any of the issues before the Court and that her rulings, *ore tenus* or in writing, have unfairly persuaded the undersigned Court and impacted his case.  (ECF No. 56, 1). This position is without merit.  Title 28 U.S.C. § 636(b)(1) clearly provides that magistrate judges may hear and determine any non-dispositive pretrial matter pending before a district court and issue proposed findings of fact and recommendations relative to any dispositive motions.  See *Brown v. Board of Educ.*, 47 F. Supp. 3d at 674.

Elmore's initial Complaint raises claims under 42 U.S.C. § 1981 and § 1983, alleging that he was treated differently than any other similarly situated filmmakers, such as the producers of the television series "*Blue City Law*" because of his race, ethnicity, and status. (ECF No. 1, ¶¶ 7, 12 and 16.)  On June 29, 2021, the State Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).   (ECF No. 28.)  As noted, Elmore filed an Amended Complaint on October 26, 2021, which includes additional claims under 42 U.S.C. §§ 1982, 1988 and 2000(d) and names new defendants while excluding many of the previously named parties to the lawsuit. (ECF No. 34.)

On November 29, 2021, the Magistrate Judge concluded that the State Defendants' Motion to Dismiss should be deemed moot because the Amended Complaint failed to allege any claims against the State Defendants.  In his Response, Elmore states clearly that it was his intent "to proceed with only Defendants listed in the amended Complaint." (ECF No. 38.)  Thus, the Magistrate Judge recommends that the State Defendants' Motion to Dismiss should be deemed moot because the State Defendants have been voluntarily removed from the case by the Plaintiff. The Court agrees.

Alternatively, the Magistrate Judge determined that if the Court does not deem the State Defendants' motion to dismiss moot, the motion should be denied on the merits based on the principal of sovereign immunity.  Sovereign immunity bars a citizen of a state from suing that state unless one of three exceptions to the immunity exists.  The Magistrate Judge then concluded that at that time none of the three exceptions apply in this case because: (1) the State had not waived its immunity from suits brought under the 11th Amendment; (2) Congress has not abrogated state immunity; and (3) Elmore had not raised or adequately presented a claim for prospective injunctive and declaratory relief to prohibit the State Defendants from engaging in further discriminatory conduct in the future.  (ECF No. 50, 5.)

The Court has examined the allegations in the Amended Complaint and found that it fails to include any references to the State Defendants. The Court finds that Elmore's First, Second, and Fourth Objections lack specificity as to his reasons for objecting to the Magistrate Judge's recommendation to dismiss the State Defendants.  (ECF No. 56, 57 and 61.) Therefore, the Court adopts the Magistrate Judge's Report and Recommendation, ECF No. 50, and finds that the State Defendants' Motion to Dismiss is moot.  The Court also finds that Elmore's Complaints against the State Defendants cannot move forward because of sovereign immunity.

2. The Report and Recommendation to Dismiss the Shelby County Defendants– (ECF No. 52)

On June 14, 2021, Shelby County Mayor Lee Harris, Memphis and Shelby County Film Commission, Shelby County Government, and Film Commissioner Linn Sitler (the "Shelby County Defendants") filed a Motion to Dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) and a renewed Motion to Dismiss under the same premises on November 24, 2021.  (ECF No. 18 and ECF No. 49.)

EDGE filed a notice in which it requested to join and adopt the Shelby County Defendants' first Motion to Dismiss on June 21, 2021, and to supplement the Motion to Dismiss EDGE as a Defendant in this action pursuant to Fed. Rules Civ. P. 12(b)(4) and 12(b)(5) and Fed. R. Civ. P. 4, for insufficient process, insufficient service of process and failure to issue proper service of process upon a corporate entity. (ECF No. 25, 1–2 and ECF No. 18.) EDGE raises additional substantive arguments for dismissal which include: (1) Plaintiff's failure to identify an impaired contractual relationship upon which to raise a § 1981 claim; (2) that §1981 relief is not available against individual defendants in their official capacities; (3) Plaintiff has failed to mention any specific acts by EDGE or others upon which to base a constitutional violation under § 1983, and therefore, he lacks standing to bring forth these claims because he failed to identify whether he submitted an application to EDGE for tax incentives or other funding; and (4) that all claims are barred by the one-year statute of limitations. (ECF No.  25-1, 3–5.) The Magistrate Judge issued a Report and Recommendation on these motions to dismiss on December 15, 2021, to which objections and replies were filed.  (ECF No. 52.)

The Magistrate Judge concluded that EDGE's motion to dismiss should be granted because it was no longer a named Defendant in the Amended Complaint.  (ECF No. 52, 7.)  The Magistrate Judge again provides that Plaintiff concedes that he wishes to only proceed against the Defendants

listed in the Amended Complaint. (ECF No. 38.) As such, the Court adopts the Magistrate Judge's recommendation that there are no longer any pending claims against EDGE and that EDGE's motion to dismiss is moot.

Elmore's first two sets of objections to the Magistrate Judge's Report and Recommendation were filed on December 28, 2021, and December 30, 2021, respectively. (ECF No. 56 and ECF No. 57.) Therein, Elmore continues with his incessant and seemingly never-ending charges of racial discrimination. He complains about being treated differently than others in the film industry because of his race. Examples include exclusion from press releases and other promotional opportunities, exclusion from the Memphis historic marker for filmmakers, the Modern Memphis Movie Marker, and refusal to place the marker in the historic Orange Mound community. Elmore complains that all of his requests have been ignored, again because of his race. (ECF No. 56, at 1–81 and ECF No. 57, 1–3.) Another example of discrimination, according to Elmore, is when "the Memphis Shelby County film Commission in honor of Memphis 200th anniversary scheduled Memphis made movies tiled '*Made in Memphis Cinema.*' My 1987 film 'The Contemporary Gladiator' was not considered nor are we included in the Memphis Film Commission movie list." (ECF No. 56, 23.) The Shelby County Defendants respond that Elmore's objections contain unfounded and disrespectful allegations of collusion against the Magistrate Judge. More importantly, Elmore's objections fail to address any of the legal conclusions in the Report and Recommendation, and as such, should be disregarded by the Court. (ECF No. 58, 1–3.) The Court agrees. The assertions that are contained in Elmore's "objections" are nothing more than his continuous and unfounded complaints of collusion, racism and bias. As noted, any objections to a magistrate judge's report and recommendation that does nothing more than state a disagreement with magistrate judge's suggested resolution, or simply summarizes what has been presented and

12

argued before, should be considered a general objection, or not an objection at all. *McCready*, 113 Fed. App'x at 49; and *J.A. v. Smith County School District*, 364 F. Supp. 3d at 811–12.

The Magistrate Judge similarly recommended that the Court dismiss the claims against the County Commission because there are no claims pending against the Commission in the Amended Complaint; Plaintiff confirmed that he only wanted to proceed against the parties named in the Amended Complaint.  (ECF No. 52, 7.)  Accordingly, the Shelby County Defendants' Motion to Dismiss the County Defendants is moot.

The Magistrate Judge construes Plaintiff's Amended Complaint as raising a § 1981 claim against Shelby County, the Film Commission and the Historical Commission for their collective refusal to solicit his filmmaking skills, thereby denying him the right to make and enforce contracts, unlike other white and celebrity filmmakers.  (ECF No. 52, 8.)   The Magistrate Judge observes that Elmore only raised one instance of asking to participate in a county-wide event, the City and County's bicentennial celebration.  (*Id*. at 9, fn 6.)  Not surprisingly, the Magistrate Judge concluded that § 1981 does not require a business or governmental agency to proactively make offers to individuals who may be interested in forming contractual relationships.  The Magistrate Judge commented that "…. the Court has located no case, and Plaintiff has cited none, requiring a business or governmental entity to proactively make offers to individuals who may be interested in forming contractual relationships with them.  If this requirement existed, virtually all contractual transactions could be the subject of countless Section 1981 claims brought by every person of a protected class to whom a contractual offer was not made."  (ECF No. 52, 9.)  The Magistrate Judge then determined that Elmore failed to sufficiently allege § 1981 claims against these Defendants for exclusion or retaliation based on their failure to seek him out because a contractual relationship never existed among the parties.  (*Id.* at 10.)  As such, the Magistrate Judge correctly

recommends dismissal of the § 1981 claims against Shelby County, the Film Commission and the Historical Commission for failure to state a claim.

The report recommends a Rule 12(b)(6) dismissal of the § 1982 claims against the County Defendants because the Amended Complaint merely recites the statute's provisions without a reference to what real or personal property Elmore claims he was prohibited from inheriting, purchasing, leasing, selling, holding or conveying. Similarly, the Magistrate Judge suggests dismissal of the § 1983 claims against the County Defendants based on Elmore's failure to adequately plead that a constitutional violation occurred, and the violation was caused by a municipal policy or custom, as required. (ECF No. 52, 11–12.) The report further provides that the individual capacity claims under § 1983 against Sitler are without merit because the Amended Complaint does not explain how Sitler, or any other named official dissuaded or prevented him from exercising his First Amendment right to attend a ceremony merely because he disagreed with the topics that were to be discussed. And lastly, the Magistrate Judge concludes that Plaintiff's Amended Complaint does not contain any facts to support Elmore's allegations of conspiracies among the Shelby County Defendants to deprive him of civil rights protected under §1985. The Court agrees.

Claims in a complaint must be supported by factual content, not an individual's unsupported opinions. Conclusory and incredulous allegations, standing alone without any basis in fact, are not entitled to the assumption of truth, and therefore cannot support claims for which relief may be granted. Such claims should be dismissed. Also, Plaintiff's objections add nothing more to support his claims for relief. Instead, all of the objections repeat Elmore's blanket assertions that he was treated unfairly by the Magistrate Judge, the Mayors, Attorney Alan Wade, and others. He also insists, without supporting facts, that he has suffered discrimination and retaliation based on

his race by the County Defendants' failure to provide news releases, press conferences, casting calls, and venues in Orange Mound in which to film.  (ECF No. 57, 1–2, ECF No. 60, 1–12, ECF No. 61, 1–15, and ECF No. 63, 1–15.)  Nothing in the record adds support or credibility to these claims.  Therefore, the Court finds that Plaintiff's objections should be denied as waived; and the Magistrate Judge's report and recommendation to dismiss the Shelby County Defendants should be adopted.

   3. The Report and Recommendation to Dismiss the MCVB Defendants – (ECF No. 53)

   On December 15, 2021, the Magistrate Judge issued a Report and Recommendation that the Court should deem the Rule 12(b)(6) motion to dismiss that was filed by Memphis Convention and Visitors Bureau (MCVB) and its Director Kevin Kane (the "MCVB" Defendants") moot because the Plaintiff's Amended Complaint fails to raise any claims against these Defendants. (ECF No. 53.)  After a *de novo* review, the Court agrees.  Even with a liberal construction of the allegations within the *pro se* Amended Complaint, there is no reference to these parties, and again, Plaintiff has agreed that the claims alleged were only against the parties named in the Amended Complaint.  As such, the Court adopts this Report and Recommendation, ECF No. 53, and finds the MCVB's Motion to Dismiss moot because these defendants are not included in the Amended Complaint.

   4. The Report and Recommendation to Dismiss the City Defendants – (ECF No. 54.)

   On December 15, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that the undersigned Court grant the City Defendants' Motion and Renewed Motion to Dismiss.  (ECF No. 54, 1–12, ECF No. 31 and ECF No. 45.)  The City Defendants argued for dismissal on the grounds that many of the allegations within the Amended Complaint did not pertain to any of them or, in the alternative, that Elmore has failed to state any claims upon

which relief could be granted.  (ECF No.  45.)  The City Defendants contend that claims against them should be dismissed because the legal analysis to be applied here mirror the rationale that supports dismissal of Plaintiff's claims against the County Defendants. The City Defendants argue: (1) that Plaintiff's objection to the Magistrate Judge's authority to issue the reports and recommendations should be overruled; (2) the second objection is untimely; (3) the objections improperly focus on a hearing conducted by the Magistrate Judge and do not offer any specific rebuttal regarding her recommendations on the motions to dismiss as required by Fed. R. Civ. P. 72(b); and lastly, (4) provide cause for concern for the safety of the Defendants' employees and agents based on Plaintiff's escalating hostile behavior and his continued abuse of the judicial process.  (ECF No.  59, 4–8.)

The Magistrate Judge concluded that: (1) the claims against the Memphis City Council should not proceed, as conceded by Plaintiff, because the City Council is no longer a named defendant in the Amended Complaint; (2) the claims against the City of Memphis and Memphis Mayor Strickland pursuant to 42 U.S.C. § 1981(a) should be dismissed because allegations in the Amended Complaint assert that the City did not seek him out for lucrative filmmaking or television projects because of his race; (3) Section 1983 provides remedies for alleged constitutional violations by state actors within their official capacity; (4) Section 1981 is inapplicable to a retaliation claim against the municipal defendants; (5) Plaintiff merely recites that the Defendants interfered with his tangible and intangible property rights in violation of Section 1982 without providing any credible factual support; (6) Elmore did not assert a policy, procedure or custom of the City that caused a deprivation of his constitutional rights; nor did he allege how Mayor Strickland was personally responsible for said alleged violations of  42 U.S.C. § 1983, in his individual or official capacities; and lastly (7) the Amended Complaint does not contain any viable

claims of conspiracy between the Mayor, City officials or others, to deprive Plaintiff of his civil rights as enumerated under 42 U.S.C. § 1985.

To avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter that is plausible on its face. Fed. R. Civ. P. 12(b)(6).   As stated above, "a claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Center for Bio-Ethical Reform, Inc.* 648 F.3d 365 at 369.  When a complainant fails to allege sufficient supporting factual content, the complaint is not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. at 679.

As was true with the County Defendants, here, Elmore's claims are based upon his personal opinions; they stand without a factual basis.  There is no proof in the record, either direct or circumstantial, that any actions were taken or not taken because of Elmore's race.  Thus, Plaintiff's objections are deemed waived.  Alternatively, Plaintiff's allegations that the City Defendants failed to provide any contractual relationship or financial support to further his efforts to pursue his artistic, cultural or historic endeavors are unfounded.  The Court finds that the Complaint lacks factual content that is necessary to survive dismissal.  Therefore, the Court adopts the Magistrate Judge's report and recommendation that Elmore's §§ 1981, 1982, 1983 and 1985 claims against the City Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

After a full and complete *de novo* review of the record including the motions to dismiss, objections and replies, the Court finds that Plaintiff's claims against all of the Defendants, as well as his assertions that the Magistrate Judge was unfair and demoralizing are completely without merit.  When the allegations of a complaint are totally implausible, unsubstantiated, or frivolous in nature, the Court must dismiss the complaint.

H.K. White once related that one may "Preach to the storm, and reason with despair, [b]ut tell not Misery's son that life is fair." The Court understands that Elmore has extreme regret that he has been unable to realize his long-held aspirations of producing another pilot documentary or some type of national profile on historic African American communities in the Memphis area. He has not been able to obtain sufficient support, recognition, or funding to realize his goals, which he deems himself entitled. However, after an extensive and extremely liberal consideration of Plaintiff's various claims of wide-spread, race-based conspiracies and violations of his constitutional rights by the Defendants, the Court concludes that all of these claims are factually unsupported and fail to state any viable claims for relief under 42 U.S.C. §§ 1981, 1982, 1983 and 1985.

Accordingly, the Court finds that all of the Defendants' Motions to Dismiss pursuant to Fed. Rules Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6), ECF Nos. 28, 29, 31, 45 and 49, should be Granted and Orders this Case Dismissed with Prejudice. (ECF Nos. 50, 52, 53, and 54.) Moreover, with the Court's finding that this case should be DISMISSED with prejudice, Plaintiff's Motion for Emergency Injunctive Relief filed on February 25, 2022, ECF No. 65, is also DENIED.

The Court will set a date for a hearing on the City Defendants' Motion for Contempt and/or Protective Order that was filed on March 10, 2022, ECF No. 66, by separate notice.

**IT IS SO ORDERED** on this 3rd day of June, 2022.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE